988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael A. HUNT, Petitioner-Appellant,
v.
Daniel VASQUEZ, Respondent-Appellee.
 No. 92-16175.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-89-01667-EJG; Edward J. Garcia, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Michael A. Hunt appeals in pro se forma the denial of his petition for writ of habeas corpus challenging his convictions for robbery and first degree murder. Hunt contends that the district court erred in refusing to hold an evidentiary hearing on his claim that prosecution witnesses committed perjury at his trial. He also argues that the district court erred in dismissing the petition because his conviction was the result of the state's knowing use of perjured testimony, and because he received ineffective assistance from his trial and appellate counsel. Because Hunt has failed to demonstrate that the prosecution knew or should have known that any witness committed perjury, or that he received ineffective representation, we affirm.
 
 I.
 
 3
 On January 15, Hunt and Michael Rhinehart approached James Kunitz, the manager of a convenience store outside the store at approximately 4:30 P.M. Kunitz was carrying a large grocery bag inside of which was a paper "beer bag." The "beer bag" contained the vinyl money bag that held the daily bank deposit. Rhinehart ordered Kunitz to stop and drop the bag. Hunt displayed a gun. When Kunitz attempted to walk back to the store, shots were fired at him by both Hunt and Rhinehart. Hunt and Rhinehart took the vinyl bag with the money and fled first by foot and then by car. The large grocery bag and the "beer bag" were found at the scene. The vinyl bag containing the money was never found. Kunitz died from the bullet wounds.
 
 
 4
 Hunt was convicted of first degree murder with special circumstances in September 1980, and was sentenced to life imprisonment without the possibility of parole.
 
 
 5
 More than eight years later, Hunt filed a petition for writ of habeas corpus in state court, alleging, inter alia, that his conviction was the product of perjured testimony, and that he had been afforded ineffective assistance of counsel in the state trial and appellate courts. The petition was denied on August 2, 1989. On August 31, 1989, the California Court of Appeal affirmed. On November 15, 1989, the California Supreme Court denied review.
 
 
 6
 On December 6, 1989, Hunt filed the petition for writ of habeas corpus which is the subject of this appeal. On April 20, 1992, the magistrate judge issued his findings and recommendations that the claims were without merit and the petition should be denied. By another order issued on the same day, the magistrate judge denied Hunt's motion for an evidentiary hearing. On June 5, 1992, the district court adopted the magistrate judge's findings and recommendations in full.
 
 
 7
 Hunt timely filed a notice of appeal from the district court's judgment on June 26, 1992. The district court granted a certificate of probable cause on July 6, 1992.
 
 II.
 
 8
 We review the decision whether to grant a writ of habeas corpus de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). The district court's decision "to deny an evidentiary hearing is reviewed for abuse of discretion." Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1992).
 
 III.
 
 9
 Hunt argues that the district court erred when it failed to issue a writ of habeas corpus based on the prosecution's use of perjured testimony. In order to prevail, Hunt must show that the prosecutor knew or should have known that the testimony was false. United States v. Agurs, 427 U.S. 97, 103 (1976). The conviction " 'must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.' " United States v. Bagley, 473 U.S. 667, 678 (1985) (quoting Agurs, 427 U.S. at 103).
 
 
 10
 To support his claim, Hunt points to various inconsistencies in the testimony of prosecution witnesses. Hunt has failed to produce evidence that if any witnesses gave false testimony, the prosecution knew or should have known that the testimony of any of its witnesses was false. See United States v. Sherlock, 962 F.2d 1349, 1364 (9th Cir.1989) ("Without knowledge of whose testimony was false, [the prosecutor] could not have knowingly presented perjured testimony."), cert. denied, 113 S.Ct. 419 (1992). Accordingly, the district court did not err in rejecting Hunt's claim that the writ should be granted because the prosecutor knowingly presented perjured testimony.
 
 IV.
 
 11
 Hunt argues that his defense was prejudiced by the ineffective assistance of both his trial and appellate counsel. A person seeking reversal of his conviction on the ground of ineffective representation by counsel must first show that, after a consideration of all the circumstances, his counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). To satisfy this requirement, Hunt must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. A reviewing court "must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Id.
 
 
 12
 Hunt must also prove that he was prejudiced by counsel's alleged ineffectiveness. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 13
 Hunt contends that his trial counsel was ineffective because he failed to object to false testimony presented by the state. The record does not show that any witness gave false testimony in violation of his or her oath to tell the truth. Instead, the record shows that the testimony of some of the prosecution's witnesses conflicted with the evidence presented by other witnesses. These conflicts were adequately developed by Hunt's trial counsel during cross-examination.
 
 
 14
 Hunt also argues that his counsel was ineffective because he failed to move to set aside the robbery indictment after learning "that the brown 'beer bag' that contained the store's deposits was not taken by" Hunt. This argument is without merit. Although the "beer bag" was found at the scene, the vinyl bag containing the money was never recovered. The record does not support Hunt's allegation that the evidence showed he did not take the bag with the receipts. Hunt argues that the fact that there were unidentifiable fingerprints on the "beer bag" demonstrates his innocence. We disagree. The fact that there were other fingerprints on the bag merely demonstrates that other persons handled the bag before it was tested for fingerprints.
 
 
 15
 Hunt asserts that his appellate counsel was ineffective because he failed to question the effectiveness of Hunt's trial counsel on the grounds discussed above. There is no constitutional requirement that appellate counsel raise every nonfrivolous issue that appellant requests. Jones v. Barnes, 463 U.S. 745, 750-54 (1983). Because Hunt's allegations of ineffective assistance of trial counsel lack merit, it would have been futile for his appellate counsel to raise them on appeal.
 
 V.
 
 16
 Hunt argues he is entitled to an evidentiary hearing on his claims that the State used perjured testimony to convict him. Hunt raised his perjury claims in his state court habeas petition. The California Superior Court denied the petition without a hearing, the California Court of Appeal affirmed without opinion, and the Supreme Court of California denied review. Because the State did not afford Hunt a postconviction hearing on his perjury claim, Hunt argues that he is entitled to a federal evidentiary hearing because "the merits of the factual dispute were not resolved in the State court hearing." 28 U.S.C. § 2254(d)(1).
 
 
 17
 Hunt has failed to identify any facts which were not adequately developed in his state court trial. He has also failed to provide any indication that his state court trial was not a full and fair hearing. We agree with the magistrate judge's assessment that "[a]ll of [the claimed conflicts in testimony] are evident in the record before the court and were apparent to the jury at petitioner's trial; at most, they were of the type that required the jury to make credibility determinations in reaching its verdict."
 
 
 18
 Hunt has not alleged that he has newly discovered evidence, unknown at the time of his trial, that demonstrates that certain witnesses testified falsely. Accordingly, an evidentiary hearing was not required. The question whether the prosecution's witnesses were credible was resolved at Hunt's trial.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3